UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

PHILLIS LU SIMPSON,

                                      Plaintiff,

-against-

CITY OF NEW YORK DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT ("HPD"), SHAUN DONOVAN, DEBORAH RAND, and LUIZ ARAGON,

                                    Defendants.

------------------------------------------------------------------ x

**ANSWER**

08 Civ. 0185 (SHS) (KNF)

        Defendants, CITY OF NEW YORK DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT ("HPD"), SHAUN DONOVAN, and DEBORAH RAND ("City Defendants"), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege as follows:[1]

        1.     Deny the allegations set forth in the unnumbered paragraphs of the first page of the complaint, except admit that plaintiff purports to proceed as set forth therein.

        2.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "I(A)" of the complaint, except admit that plaintiff's name is Phillis Lu Simpson.

        3.     Deny the allegations set forth in paragraph "I(B)" of the complaint, except admit that HPD operates an office at 100 Gold Street, New York, New York 10038.

---

[1] Upon information and belief, the individual defendant Luiz Aragon has not been properly served and therefore, this office does not appear on his behalf at this time.

4. Deny the allegations set forth in paragraph "I(C)" of the complaint, except admit that plaintiff's work location is 100 Gold Street, New York, New York 10038.

5. Deny the allegations set forth in paragraph "II(A)" of the complaint.

6. Deny the allegations set forth in paragraph "II(B)" of the complaint.

7. Deny the allegations set forth in paragraph "II(C)" of the complaint.

8. Deny the allegations set forth in paragraph "II(D)" of the complaint.

9. Deny the allegations set forth in sentence "1" of paragraph "II(E)" of the complaint, except admit that on or about April 27 2005, plaintiff wrote an email to Deborah Rand requesting a promotion to a Level IV attorney and increase in salary to the maximum salary level for same.

10. Deny the allegations set forth in sentence "2" of paragraph "II(E)" of the complaint.[2]

11. Deny the allegations set forth in sentence "3" of paragraph "II(E)" of the complaint,.

12. Deny the allegations set forth in sentence "4" of paragraph "II(E)" of the complaint, except denies knowledge or information as to the state of mind of various unnamed co-workers of plaintiff.

13. Deny the allegations set forth in sentence "5" of paragraph "II(E)" of the complaint.

---

[2] For the purpose of defendants' responses to the allegations contained in paragraph "E" of the complaint, each numbered response herein coincides with the specific individual claims in paragraph "E" that are separated by the semi-colons.

- 3 -

14. Deny the allegations set forth in sentence "6" of paragraph "II(E)" of the complaint.

15. Deny the allegations set forth in sentence "7" of paragraph "II(E)" of the complaint and respectfully refer the Court to the cited documents for a complete and accurate statement of their contents.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "III(A)" of the complaint.

17. Deny the allegations set forth in paragraph "III(B)" of the complaint and respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

18. Deny the allegations set forth in paragraph "III(C)" of the complaint, except admit that more than 60 days have elapsed since plaintiff filed a charge of discrimination with the EEOC.

19. Deny the allegations set for in paragraph "IV" of the complaint.

## FOR A FIRST DEFENSE:

20. The complaint fails to state a claim upon which relief can be granted.

## FOR A SECOND DEFENSE:

21. The complaint is barred, in whole or in part, by the applicable statute of limitations.

## FOR A THIRD DEFENSE:

22. The complaint is barred, in whole or in part, by the failure to perform all conditions precedent to suit.

## FOR A FOURTH DEFENSE:

23. The complaint may be barred, in whole or in part, by the doctrines of claim preclusion, issue preclusion, res judicata, collateral estoppel, judicial estoppel or any combination of these doctrines.

## FOR A FIFTH DEFENSE:

24. Plaintiff's damages claims are barred by her failure to mitigate damages.

## FOR A SIXTH DEFENSE:

25. This Court may lack subject matter jurisdiction over any claims contained in the complaint which were not also contained in plaintiff's charge of discrimination filed with the EEOC.

## FOR A SEVENTH DEFENSE:

26. The individual defendants are not plaintiff's employer and therefore are not subject to suit within the meaning of Title VII and/or the ADEA.

## FOR A EIGHTH DEFENSE:

27. Defendant HPD is not subject to an award for punitive damages.

**WHEREFORE,** City Defendants respectfully request judgment dismissing the complaint in its entirety, denying all relief requested therein, and granting defendant costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         March 20, 2008

                               **MICHAEL A. CARDOZO**
                               Corporation Counsel of the
                                 City of New York
                               Attorney for City Defendants
                               100 Church Street, Room 2-317
                               New York, New York 10007-2601
                               (212) 788-0960

By:   _____
         Christopher L. Heer (CH1086)
         Assistant Corporation Counsel

TO:   Phillis Lu Simpson
        Plaintiff, *Pro Se*
        2255 5th Avenue, #11H
        New York, NY 10037

## DECLARATION OF SERVICE

I, **CHRISTOPHER L. HEER,** declare pursuant to 28 U.S.C. § 1746, and under penalty of perjury, that today, I served the annexed Answer upon:

>Phillis Lu Simpson
>Plaintiff, *Pro Se*
>2255 5th Avenue, #11H
>New York, NY 10037

said address(es) being designated by those individuals for service, by depositing a copy of the same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York.

Dated:   New York, New York
         March 20, 2008

**CHRISTOPHER L. HEER**

08 Civ. 0185 (SHS)(KNF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILLIS LU SIMPSON,

                              Plaintiff,

-against-

CITY OF NEW YORK DEPARTMENT OF HOUSING
PRESERVATION AND DEVELOPMENT ("HPD"),
SHAUN DONOVAN, DEBORAH RAND, and LUIZ
ARAGON,

                              Defendants.

## ANSWER

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
Attorney for City Defendants
100 Church Street, Room 2-317
New York, N.Y. 10007-2601

Of Counsel: Christopher L. Heer
Tel: (212) 788-0960

NYCLIS No. 2008-001562

*Due and timely service is hereby admitted.*

New York, N.Y. ........................................., 2008

Signed: ...........................................

*Attorney for* ...........................................